JANET M. HEROLD
Regional Solicitor
SUSAN SELETSKY
Counsel for Wage and Hour (CSBN 176106)
Office of the Solicitor
United States Department of Labor
350 S. Figueroa Street, Suite 370
Los Angeles, California 90071
Telephone: (213) 894-4983
Facsimile: (213) 894-2064
Email: Seletsky.susan@dol.gov

Attorneys for Plaintiff Secretary of Labor

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| R. ALEXANDER ACOSTA, SECRETARY OF LABOR, UNITED STATES DEPARTMENT OF LABOR, <br><br> Plaintiff, <br><br><br> GINGER GREEN, INC., a corporation; CHANG LEE, an individual, HYE KYUNG LEE, an individual; HAE LEE, an individual; AQUA FASHION, INC., a corporation; GILSU PARK, an individual; JE FASHION, INC., a corporation; KYU YOUNG YOO, an individual, <br><br> Defendants. | Case No. 2:18-cv-4098 <br><br> **COMPLAINT** <br> Violations of Fair Labor Standards Act ("FLSA"), 29 U.S.C § 201 *et seq.* |

Plaintiff R. Alexander Acosta, Secretary of Labor, United States Department of Labor R. ("Secretary"), alleges as follows:

## NATURE OF THE ACTION

Defendant Ginger Green is a garment manufacturer whose clothes are made by sweatshop workers who are not paid the minimum wage and overtime required by the Fair Labor Standards Act.  Under the Fair Labor Standards Act, as amended, these garments are "hot goods" that must not be introduced into commerce.  The Secretary brings this action under Section 17, 29 U.S.C. § 217, of the Fair Labor Standards Act, as amended, 29 U.S.C. §§ 201-219 ("FLSA" or the "Act"), to enjoin corporate Defendants Ginger Green, Inc. ("Ginger G"), Aqua Fashion, Inc. ("Aqua") and JE Apparel, Inc. ("JE") and the individual defendants from (1) continuing to violate the "hot goods" provision of the FLSA, 29 U.S.C. § 15(a)(1); (2) obstructing the Secretary's investigation; and (3) failing to disgorge ill-gotten gains that have resulted from violations of the FLSA in an amount equal to the back wages due to employees of garment contractors Aqua and JE.

The Secretary also seeks to enjoin Defendants Aqua, JE, Park, and Yoo from violating the Act's minimum wage, overtime, and recordkeeping provisions, 29 U.S.C. §§ 15(a)(2), 15(a)(5), and to recover unpaid minimum wage and overtime compensation owed under the FLSA to Aqua and JE employees, including those listed by name on the attached Exhibit A to this Complaint, together with an equal amount as liquidated damages, under Section 16(c) of the FLSA, 29 U.S.C. § 216(c).

## PARTIES

1.     The Plaintiff, R. Alexander Acosta is the United States Secretary of Labor.

2.     Defendant Ginger G is and at all times material has been a California corporation, with an office and place of business at 3616 Noakes Street, Los Angeles, California, 90023, and a registered business address of 1015 S. Crocker Street, Suite Q-16, Los Angeles, California, 90021, within the jurisdiction of this Court.

a.  Defendant Ginger G is and at all times material has been a Garments manufacturer (also called a "jobber") who sells its clothes to retailers such as T.J. Maxx, Ross, and Marshalls.

**COMPLAINT**                                                            **Page 2 of 12**

b.  After Ginger G secures an order for garments with a retailer, it contracts with a sewing factory to complete the garments. Ginger G supplies the cut fabric, design and other style requirements to the factory.

3.    Defendant Chang "Jerrold" Lee, an individual, resides in Pasadena, California within the jurisdiction of this Court, and is the treasurer and 20 percent owner of Ginger Green, Inc.

4.    Defendant, Hye Kyung Lee, an individual, resides in Pasadena, California within the jurisdiction of this Court, and is the president and 40 percent owner of Ginger Green, Inc.

5.    Defendant, Hae Lee, an individual, resides in Pasadena, California within the jurisdiction of this Court, and is the secretary and 40 percent owner of Ginger Green, Inc.

6.    Defendant Aqua is and at all times material has been a California corporation, with an office and place of business at 6600 S. Avalon Blvd., Unit B-2, Los Angeles, California, within the jurisdiction of this Court.

a.  Defendant Aqua is a sewing contractor that produces finished garments for Defendant Ginger G.  At the time the Secretary's wage and hour investigators visited Defendant Aqua's production shop, approximately 90 percent of the garments that were being worked on at the time belonged to Defendant Ginger G.

b.  At all relevant times, Aqua has been an employer under Section 3(d) of the FLSA, 29 U.S.C. § 203(d), in relation to the employees listed on Exhibit A to this Complaint and any other employee not listed on Exhibit A to this Complaint during the relevant time period who is not known to the Secretary at this time.

7.    Defendant Gilsu Park, an individual, who resides in Los Angeles, California, within the jurisdiction of this Court, is the owner of Aqua, and at all times acted directly or indirectly in the interest of Aqua in relation to its employees, including hiring employees, maintaining employment records, and determining employment practices. As such, Gilsu Park is individually liable as an employer under Section 3(d) of

**COMPLAINT**                                                                 **Page 3 of 12**

the FLSA, 29 U.S.C. § 203(d), for back wages and liquidated damages owed to Aqua's employees.

8. Defendant Ginger G has contracted with Defendant Aqua to produce Ginger G textiles for approximately the past year.

9. Defendant JE is and at all times material has been a California corporation, with an office and place of business 71 Spectrum Blvd., Las Vegas, Nevada 89101. JE has sufficient minimum contacts in California, such that it is in the jurisdiction of this Court.

a. Defendant JE is a sewing contractor that subcontracts with Aqua to produce clothes for Ginger G.

b. At all relevant times, JE has been an employer under Section 3(d) of the FLSA, 29 U.S.C. § 203(d), in relation to the employees listed on Exhibit A to this Complaint and any other employee not listed on Exhibit A to this Complaint during the relevant time period who is not known to the Secretary at this time.

10. Defendant Kyu Yung Yoo, an individual, owns and operates JE, conducting a substantial part of JE's business in California with Aqua and Ginger G, within the jurisdiction of this Court. Kyu Yung Yoo at all times acted directly or indirectly in the interest of JE in relation to its employees, including hiring employees, maintaining employment records, and determining employment practices. As such, Kyu Yung Yoo is individually liable as an employer under Section 3(d) of the FLSA, 29 U.S.C. § 203(d), for back wages and liquidated damages owed to Aqua's employees.

## JURISDICTION AND VENUE

11. This Court has subject matter jurisdiction under Section 17 of the FLSA, 29 U.S.C. § 217; this Court also has subject matter jurisdiction under 28 U.S.C. § 1331 (federal question) and under 28 U.S.C. § 1345 (United States as plaintiff).

12. Venue lies in the United States District Court for the Central District of California under 28 U.S.C. § 1391(b) because a substantial part of the events or

omissions giving rise to the Secretary's claims occurred in this district, specifically, Los Angeles, California.

## GENERAL ALLEGATIONS

13.    At all relevant times, Defendant Ginger G was an enterprise engaged in commerce or in the production of goods for commerce within the meaning of § 3(s)(1)(A), 29 U.S.C. § 203(s)(1)(A), because (i) Ginger G had employees engaged in commerce or in the production of goods for commerce, or employees handing, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person; and (ii) Ginger G had an annual gross volume sales made or business done of not less than $500,000.

14.    At all relevant times, Defendant Aqua employed employees who were engaged in commerce or in the production of goods for commerce, or who were employed in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of § 3(s)(1)(A), 29 U.S.C. § 203(s)(1)(A), because (i) Aqua had employees engaged in commerce or in the production of goods for commerce, or employees handing, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person; and (ii) on information and belief, Aqua had an annual gross volume sales made or business done of not less than $500,000.

15.    At all relevant times, Defendant Aqua was and is an employer within the meaning of the FLSA § 3(d), 29 U.S.C. § 203(d).

16.    At all relevant times, Defendant Park was and is an employer within the meaning of the FLSA § 3(d), 29 U.S.C. § 203(d).

17.    At all relevant times, Defendant JE employed employees who were engaged in commerce or in the production of goods for commerce, or who were employed in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of § 3(s)(1)(A), 29 U.S.C. § 203(s)(1)(A), because (i) JE had employees engaged in commerce or in the production of goods for commerce, or employees

handing, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person; and (ii) on information and belief, JE had an annual gross volume sales made or business done of not less than $500,000.

18.    At all relevant times, Defendant JE was and is an employer within the meaning of the FLSA § 3(d), 29 U.S.C. § 203(d).

19.    At all relevant times, Defendant Yoo was and is an employer within the meaning of the FLSA § 3(d), 29 U.S.C. § 203(d).

## FIRST CAUSE OF ACTION
### (Violating Hot Goods Provision of the FLSA)

20.    Defendants have violated and continue to violate Section 15(a)(1) of the FLSA which prohibits "any person" from introducing goods produced in violation of § 6 or § 7 of the FLSA into interstate commerce, 29 U.S.C. 215(a)(1), by shipping transporting, selling, or intending to ship, transport or sell, goods in interstate commerce that were made by workers in Aqua's factory and JE's factory who were not paid minimum wage or overtime, in violation of § 6 or § 7 of the FLSA.

21.    In April 2018, the Wage and Hour Division, U.S. Department of Labor ("Wage and Hour Division") began an investigation of Defendant Aqua. The investigation revealed that Aqua failed to pay its employees all of the minimum wage and overtime required under the FLSA §§ 6, 7, and 15(a)(2), 29 U.S.C. §§ 206, 207, and 215(a)(2), while working on garments for Ginger G. Aqua also failed to maintain adequate and accurate records of the hours worked and wages paid to its workers, as required by the FLSA, Section 11(c), 29 U.S.C. § 211(c).

22.    On April 9, 2018, the Wage and Hour Division, U.S. Department of Labor conducted a site visit to Aqua's production shop and identified a number of styles and cuts that were actively being produced.

23.    The attached Exhibit B lists some of the Ginger G garments that Aqua's employees worked on during the period of the last 90 days.

24.    The Secretary's investigation disclosed that Ginger G had already shipped

in commerce approximately 90 percent of the garments listed on Exhibit B.

25.    On April 10, 2018, the Wage and Hour Division conducted a site visit of Ginger G's establishment. At this time Defendant Ginger G was notified of the Secretary's findings regarding the violations of Ginger G's sewing contractor, Aqua, and that Ginger G was in possession of goods produced by workers who were not paid required minimum wage and overtime compensation, also known as "hot goods." Defendant Ginger G was asked to voluntarily restrain from shipping the goods worked on by Aqua employees, including goods listed on Exhibit B.  Defendant Ginger G, through Jerrold Lee, agreed it would not ship or sell these goods until notified that Aqua's workers had received restitution and the "taint" was removed from the goods. Jerrold Lee signed the Secretary's form regarding the same on behalf of Ginger G.

26.    On May 8, 2018, the Wage and Hour Division inspected Defendant JE's factory. The investigation revealed that JE failed to pay its employees all of the minimum wage and overtime required under the FLSA §§ 6, 7, and 15(a)(2), 29 U.S.C. §§ 206, 207, and 215(a)(2), while working on garments for Ginger G through a subcontract with Aqua. JE also failed to maintain adequate and accurate records of the hours worked and wages paid to its workers, as required by the FLSA, Section 11(c), 29 U.S.C. § 211(c).

27.    The attached Exhibit C is a list of some Ginger G goods that JE worked on in the last 90 days.

28.    On information and belief, Defendant Ginger G continues to ship hot goods, or intends to ship or sell hot goods, despite notification that the goods were made in violation of the FLSA. As such Defendant has willfully violated and continues to violate the hot goods provision of the FLSA, despite written agreement to restrain shipment.

29.    On information and belief, Defendant Aqua has continued to ship hot goods to Ginger G since the April 9, 2018 site visit. As such, Aqua has willfully violated and continues to violate the FLSA.

30.    As a result of the violations of the hot goods provision of the FLSA,

**COMPLAINT**                                                    **Page 7 of 12**

Defendants have received ill-gotten gains because the Aqua and JE employees who produced goods for Ginger G were paid substandard wages, benefiting Defendants unfairly, and subjecting others to unfair competition in commerce, in violation of the FLSA.

## SECOND CAUSE OF ACTION
### (Unlawful Interference with FLSA Investigation)

31.    Defendants have interfered with the Secretary's ability to investigate and gather data regarding conditions and practices of employment in the garment industry, and to investigate such facts, conditions, practices, or matters as he may deem necessary or appropriate to determine whether any person has violated any provision of the FLSA, or which may aid in the enforcement of the provisions of the FLSA, in violation of Section 11(a) of the FLSA, 29 U.S.C. § 211(a).  Specifically, Defendant Ginger G, by and through its agents, directed Aqua not to show the Department of Labor officials what was inside any boxes at the Aqua shop that belonged to Ginger G. Defendant Aqua followed Ginger G's directive.

32.    The Secretary's wage and hour investigators observed sealed boxes with the same style numbers as the garments at Aqua's shop that were produced in violation of the FLSA.  The owners of Ginger G, including Jerrold Lee, refused to open the boxes for examination, or to tell investigators what specific garment cuts were in the boxes.

33.    As a result of this obstruction, the investigators are unable to determine which garments have been shipped or are presently in commerce. The Secretary needs this information in order to notify downstream purchasers of the hot goods that were made by workers paid substandard wages. Without this information, these hot goods will enter the stream of commerce to compete with law-abiding competitors, therefore awarding Ginger G an advantage over competitors whose goods were produced in compliance with FLSA and who do not benefit from substandard labor conditions.

### THIRD CAUSE OF ACTION
### (Violation of Minimum Wage Provisions of the FLSA)

34.     Defendants Aqua and Park have willfully violated and continue to violate Section 6 and 15(a)(2) of the FLSA, 29 U.S.C. §§ 206 and 215(a)(2), by failing to pay employees at least the federal minimum wage of $7.25 for all hours worked in workweeks when the employees were employed in an enterprise engaged in commerce or in the production of goods for commerce, within the meaning of the FLSA. Specifically, Defendants Aqua and Park paid employees a piece rate that consistently fell below the hourly minimum wage, resulting in wages as low as $2.25 per hour.

35.     Defendants JE and Yoo have willfully violated and continue to violate Section 6 and 15(a)(2) of the FLSA, 29 U.S.C. §§ 206 and 215(a)(2), by failing to pay employees at least the federal minimum wage of $7.25 for all hours worked in workweeks when the employees were employed in an enterprise engaged in commerce or in the production of goods for commerce, within the meaning of the FLSA. Specifically, Defendants JE and Yoo paid employees a piece rate that consistently fell below the hourly minimum wage.

### FOURTH CAUSE OF ACTION
### (Violation of Overtime Provisions of the FLSA)

36.     Defendants Aqua and Park have willfully and repeatedly violated, and continue to violate, Sections 7 and 15(a)(2) of the FLSA, 29 U.S.C. §§ 207 and 215(a)(2).  Aqua's employees routinely worked well over 40 hours per workweek, regularly working 6 or 7 days per week. In each workweek from at least April 6, 2016 to the present, Defendants Aqua and Park failed to pay employees at rates not less than one and one-half times the employees' regular rate of pay in workweeks when the employees worked more than 40 hours; employees worked more than 40 hours nearly all workweeks. Aqua employees are paid a piece rate regardless of how many hours they

**COMPLAINT**                                                        **Page 9 of 12**

work each workweek, or how low the resulting hourly wage.

37.     Defendants JE and Yoo have willfully and repeatedly violated, and continue to violate, Sections 7 and 15(a)(2) of the FLSA, 29 U.S.C. §§ 207 and 215(a)(2).  JE's employees worked well over 40 hours per workweek. Defendants JE and Yoo failed to pay employees at rates not less than one and one-half times the employees' regular rate of pay in workweeks when the employees worked more than 40 hours. JE employees are paid a piece rate regardless of how many hours they work each workweek, or how low the resulting hourly wage.

### FIFTH CAUSE OF ACTION
### (Violation of Recordkeeping Provisions of the FLSA)

38.     Defendants Aqua and Park have willfully violated, and continue to violate, Sections 11 and 15(a)(5) of the FLSA, 29 U.S.C. §§ 211 and 215(a)(5), by failing to maintain, keep, make available (to authorized agents of the Secretary for inspection, transcription, and/or copying, upon their written demand for such access), and preserve records of employees and of the wages, hours, and other conditions and practices of employment maintained. Specifically, employees do not clock in or out, or otherwise document their hours worked for Aqua. As such, there is no record of actual hours worked.

39.     Defendants JE and Yoo have willfully violated, and continue to violate, Sections 11 and 15(a)(5) of the FLSA, 29 U.S.C. §§ 211 and 215(a)(5), by failing to maintain, keep, make available (to authorized agents of the Secretary for inspection, transcription, and/or copying, upon their written demand for such access), and preserve records of employees and of the wages, hours, and other conditions and practices of employment maintained. Specifically, employees do not clock in or out, or otherwise document their hours worked for Aqua. As such, there is no record of actual hours worked.

**PRAYER FOR RELIEF**

WHEREFORE, cause having been shown, the Secretary prays for a judgment:

A.      Pursuant to Section 17 of the FLSA, 29 U.S.C. § 217, permanently enjoining and restraining Defendants, their officers, agents, servants and employees, and all persons in active concert or participation with them, from violating the provisions of Section 15(a)(1) of the FLSA, 29 U.S.C. § 215(a)(1), including disgorgement of amounts sufficient to afford restitution to workers paid substandard wages for their work on Ginger G garments, including employees of Aqua and JE who worked on goods identified in this action and were not paid for their work as required by the FLSA's minimum wage and overtime provisions, 29 U.S.C. Sections §§ 206 and 207, and restraining them from obstructing the Secretary's investigation

B.      For an Order under Section 17 of the FLSA, 29 U.S.C. § 217, permanently enjoining and restraining Defendants Aqua, JE, Park, and Yoo, their officers, agents, servants and employees, and all persons in active concert or participation with them, from violating the provisions of Sections 6, 7, 11, 15(a)(2) and 15(a)(5).

C.      For an Order under Section 16(c) of the FLSA, 29 U.S.C. § 216(c) finding Defendants Aqua, JE, Park, and Yoo liable for unpaid minimum wage and overtime compensation due to all of their employees employed during the relevant period including the employees listed in the attached Exhibit A and other employees not presently known to the Secretary, and an additional equal amount as liquidated damages.

D.      In the event the Court does not award liquidated damages, for an Order restraining Defendants Aqua, JE, Park, and Yoo, and their officers, agents, servants, employees and those persons in active concert or participation with Defendants under Section 17 of the FLSA, 29 U.S.C. § 217, from withholding payment of unpaid back wages found to be due Defendants' employees, and pre-judgment interest at an appropriate interest rate;

E.      Such other and further relief as the Court deems necessary.

**COMPLAINT**                                                                 **Page 11 of 12**

1   Dated: May 16, 2018                    KATE S. O'SCANNLAIN
2                                          Solicitor of Labor

3                                          JANET M. HEROLD
4                                          Regional Solicitor

5                                          SUSAN SELETSKY
6                                          Counsel for FLSA

7                                          */s/ Susan Seletsky*
8

9                                          Attorneys for the Plaintiff Secretary
10                                         U.S. DEPARTMENT OF LABOR
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**COMPLAINT**                                                    **Page 12 of 12**

# EXHIBIT A

## JE Fashion, Inc.

| First Name | Last Name |
|------------|-----------|
| Bonafacio | Aguilar |
| Santos | Alejandro |
| Kevin | Alvarez |
| Luis | Alvarez |
| Miriam | Alvarez |
| Yolanda | Arjona |
| Marlen | Arroyo |
| Maricela | Bonelli |
| Antonieta | Can |
| Angel | Cardenas |
| Arcenia | Cardenas |
| Fernando | Castro |
| Miriam | De Leon |
| David | Duarte |
| Maria | Duquc |
| Francisco | Enriquez |
| Alejandra | Escobar |
| Alex | Escobar |
| Raymond | Franco |
| Astrid | Garido |
| Mirian | Guererra |
| Sara | Hernandez |
| Liliana | Hidalgo |
| Alfredo | Huizar |
| Angelina | Islas |
| Viviana | Jesusita |
| Santos | Juanita |
| Santos | Juanta |
| Eduardo | Melo |
| Guadalupe | Monroy |
| Mercyle | Paredes |
| Martha | Pec |
| Maria | Pena |
| Anai | Rea |
| Noemi | Reyes |

**COMPLAINT EXH. A**                                              **Page 1 of 4**

| | |
|---|---|
| Alberto | Rosete |
| Edwin | Sajhe |
| Fidela | Sanchez |
| Gabriella | Soto |
| Maria | Teran |
| Alfonso | Unknown |
| Donato | Unknown |
| Ely | Unknown |
| Falda | Unknown |
| Fernando | Unknown |
| Francisco | Unknown |
| Leticia | Unknown |
| Nancy | Unknown |
| Susy | Unknown |
| Teresa | Unknown |
| Uarisely | Unknown |
| Yuri | Unknown |
| Flor | Vasquez |
| Yanett | Vasquez |
| Jose | Veliz |
| Ezequiel | Zubruno |

**COMPLAINT EXH. A**                                                                        **Page 2 of 4**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## Aqua Fashion, Inc.

| First Name | Last Name |
| --- | --- |
| Lopez | Alejandro |
| Martinez | Ana |
| Aleman | Angelica |
| Juan Felix | Angelina |
| Sandoval | Angelina |
| Granados | Antonia |
| Esquivel | Brenda |
| Francisco | Candelaria |
| Flores | Carlos |
| Torres | Carmen |
| Huesca | Cirilo |
| De Leon | Donald |
| Hernandez | Elena |
| Juarez | Elia |
| Moreno | Francisca Castano |
| Ordenez | Gregoria Martha |
| Lopantci | Guillermirena |
| Serrano | Janice |
| Molina | Javier |
| Lee | Joanne |
| Cambray | Jorge |
| Gutierrez | Jorge |
| Hernandez | Juana |
| Gonzalez | Julio |
| Pastor | Justo |
| Lopez | Lilia |
| Moyaho | Lorena |
| Baltazar | Magdalena |

**COMPLAINT EXH. A**                                          **Page 3 of 4**

|   |   |
|---|---|
|   | Maria |
| Munoz | Dominga |
| Rosales | Maria Irma |
| Beltran | Maria |
| Bernal | Maria |
| Miguel | Maria |
| Leon | Mauro |
| Ferrera | Mercedes |
| Flores | Rocio |
| Flores | Roxana |
| Maldonado | Santa |
| Lopez | Santiago |
| Marcelino | Susana |
| Ajin | William |

**COMPLAINT EXH. A**                                                    **Page 4 of 4**

# EXHIBIT B
## Hot Goods from Aqua Fashion

| Style | Cut | Quantity | Sewing Fee | Retailer | Shipping Date |
|---|---|---|---|---|---|
| K7086-PRS-JS84 | | 1206 | | | 03/29/18 |
| K5359PS-JS92 | | 912 | | | 03/29/18 |
| K53356SIM141 | | 717 | | | 03/27/18 |
| K5286(ROSS) | 2614 | 483 | $ 2.10 | Ross | |
| K7377(TJM) | 2878 | 3672 | $ 1.10 | TJ Maxx | |
| K7377(TJM) Partial | 2880 | 4812 | $ 1.10 | TJ Maxx | |
| M3935 | 2923 | 1290 | $ 1.80 | Ginger G. | |
| M3935 | 2933 | 870 | $ 1.80 | Ginger G. | |
| K5404-1 | 2937 | 660 | $ 1.90 | Ginger G. | |
| L2165 | 2939 | 720 | $ 1.60 | Ginger G. | |
| K5383 | 2942 | 180 | $ 2.20 | Ginger G. | |
| K7530-3(TJM) | 2945 | 2382 | $ 2.20 | TJ Maxx | |
| K5127(TJM) | 2958-2 | 3060 | $ 1.50 | TJ Maxx | 03/14/18 |
| K5127 | 2959-2 | 806 | | | 03/14/18 |
| K5432(TJM) | 2973 | 612 | $ 1.10 | TJ Maxx | |
| K4112TD | 2978 | 2895 | | Marshalls | 02/26/18 |
| K8989(TJM) | 2981 | 3672 | $ 2.40 | TJ Maxx | |
| K8989 | 2982 | 3655 | | | 02/26/18 |
| K8989 | 2983 | 3660 | | | 02/23/18 |
| K8997(TJM) | 2990 | 4896 | $ 1.30 | TJ Maxx | |
| K4865 | 2991 | 2424 | | Marshalls | 03/05/18 |
| K4865 | 2993 | 2448 | | TJ Maxx | 03/05/18 |
| K4865 | 2994 | 2440 | | Marshalls | 03/02/18 |
| K4865 | 2995 | 2126 | | TJ Maxx | 03/05/18 |
| K4613(MAR) | 3006-1 | 3060 | $ 1.20 | Marshals | 02/23/18 |
| K4613 | 3006-2 | 3036 | | Marshalls | 02/23/18 |
| K7240(TJM) | 3011-1 | 3060 | $ 1.30 | TJ Maxx | |
| K5408 | 3021 | 834 | $ 1.80 | Ginger G. | |
| K535652M141 | 3028 | 2052 | | Suzy Shier | 04/04/18 |
| K7980(STOCK) | 3047 | 3606 | $ 1.40 | Stock | |
| K7980C | 3066 | 360 | $ 1.60 | Ginger G. | |
| K7980-3 | 3074 | 1812 | $ 1.60 | Ginger G. | |

| | | | | | | |
|---|---|---|---|---|---|---|
| L2202 | 3081 | 402 | $ | 2.00 | Ginger G. | |
| K4488F1Eclipse) | 3082 | 500 | $ | 1.50 | Eclipse | |
| K4488F1 | 3084 | 636 | $ | 1.40 | Gaudy/G.G. | 03/20/18 |
| K7980-3(BOHME) | 3086 | 1827 | $ | 1.60 | Bohme/G.G | |
| K4488TD | 3094 | 1194 | $ | 1.40 | Ginger G. | 03/29/18 |
| K5309-2 | 3098 | 330 | $ | 1.60 | Bohme/G.G./Buff | |
| K5342-1 | 3099 | 360 | $ | 1.40 | Bohme/G.G. | |
| K4057-EL95 | 3104 | 487 | | | Ross | 03/02/18 |
| K4057-SM | 3105 | 484 | | | Ross | 03/02/18 |
| K5489 | 3106 | 552 | $ | 1.40 | Buffalo/G.G. | |
| K5242 | 3119 | 792 | | | Suzy Shier | |
| K7980R-CI | 3123 | 700 | | | Ross | |
| K7980R-CI | 3124 | 6330 | | | Ross | |
| L1695-3 | 3145 | 1034 | | | Suzy Shier | 03/24/18 |
| K5309-2 | 3148 | 120 | $ | 1.60 | Gaudy Me | |
| K5309-3 | 3149 | 120 | $ | 1.60 | Gaudy Me | |
| K5484 | 3154 | 360 | | | Gaudy Me | |
| K5484 | 3155 | 960 | | | Ginger G. | |
| 4799(Gaudy) | 3158 | 945 | $ | 1.70 | Gaudy Me | |
| K7980-3 | 3172 | 2826 | $ | 1.60 | Ginger G. | |
| K7822 | 3175 | 1074 | $ | 1.40 | CK21/G.G. | |
| K5484 | 3199 | 1269 | | | Suzy Shier | |
| M3935 | 3206 | 1200 | $ | 1.60 | Ginger G. | 03/20/18 |
| L2334 | 3223 | 726 | $ | 1.80 | Ginger G. | |
| K535652M41 | 3028-1 | 720 | | | Suzy Shier | 03/30/18 |
| K5359VT31 | 3228-1 | 1302 | | | Win/CM | 03/23/18 |
| K53595... | 3229-1 | 1298 | | | | 03/30/18 |
| K5359... | 3229-1 | 1302 | | | Win/CM | 03/23/18 |
| 8101-JS65 | 3239 | 2393 | | | TJ Maxx | 03/17/18 |
| 8101-JS65 | 3240 | 2492 | | | Marshalls | 03/17/18 |
| 8101SIM129 | 3242-2 | 3053 | | | Marshalls | 03/21/18 |
| 8101SIM129 | 3242-2 | 3060 | | | Marshalls | 03/09/18 |
| K7730(MAR) | 3246 | 4848 | $ | 1.00 | Marshalls | 03/13/18 |
| K8497 | 3247 | 4858 | | | TJ Maxx | 04/02/18 |
| K4366TD | 3250 | 1407 | | | TJ Maxx | 03/26/18 |
| K5471 | 3259 | 2421 | | | TJ Maxx | 03/26/18 |

**COMPLAINT EXH. B**

| K7377 | 3263 | 4292 | | | Marshalls | 03/19/18 |
|---|---|---|---|---|---|---|
| K4753 | 3272 | 2412 | $ | 2.30 | Marshalls | |
| K4608TD | 3273 | 3668 | | | TJ Maxx | 03/23/18 |
| K5097 | 3275-2 | 2256 | | | TJ Maxx | 04/07/18 |
| K4865 | 3290 | 4302 | $ | 1.10 | Marshalls | |
| K5383RS(ROSS) | 3292 | 1050 | $ | 2.00 | Ross | 03/16/18 |
| K5387 | 3315 | 312 | | | Ginger G. | 04/05/18 |
| K5387 | 3316 | 294 | | | Coco & Main | 04/05/18 |
| K4488R | 3321 | 472 | | | Gaudy Me | 03/29/18 |
| K5348 | 3326 | 348 | | | Buffalo/G.G. | 04/04/18 |
| K5484 | 3334 | 297 | | | Coco & Main | 04/07/18 |
| K8823 | 3336 | 300 | $ | 1.70 | Roolee | 03/27/18 |
| K7980ST3 | 3337 | 364 | | | Gaudy Me | 03/26/18 |
| K7980ST3 | 3338 | 720 | $ | 1.60 | Ginger G. | 03/24/18 |
| L2351 | 3342 | 1224 | | | Suzy Shier | |
| L2351 | 3343 | 210 | | | Ginger G. | |
| K5375-1 | 3372 | 978 | | | Ross | |
| K7086-PRS-JS86 | 3387 | 1195 | | | Ross | 04/04/18 |
| K7086-PRS-XB87 | 3388 | 2419 | | | Ross | 03/26/18 |
| K5359PS-JS92 | 3389 | 891 | | | | 04/03/18 |
| K5481 | 3393 | 2149 | | | Suzy Shier | |
| K5383-1 | 3399 | 801 | | | Suzy Shier | |
| K5480 | 3406 | 400 | | | Eclipse | 04/13/18 |
| K7980ST3 | 3411 | 480 | $ | 1.60 | Scheels | 03/26/18 |
| K4875 | 3420 | 450 | | | Ginger G. | |
| K7125-1 | 3421 | 4824 | | | TJ Maxx | 04/17/18 |
| K7125-2 | 3422 | 4848 | | | Marshalls | 04/18/18 |
| K7125 | 3424 | 3636 | | | Marshalls | |
| K7125 | 3425 | 570 | | | Scheels/G.G. | 04/18/18 |
| 4879 | 3426 | 2739 | | | | 03/31/18 |
| 4879 | 3476 | 2748 | $ | 1.60 | Ginger G. | |
| K7730 | 3507 | 2424 | | | TJ Maxx | |
| K5471 | 3508 | 4846 | | | Marshalls | 04/03/18 |
| K4613 | 3510 | 1620 | | | Marshalls | 04/16/18 |
| K5471 | 3516 | 4033 | | | TJ Maxx | 04/03/18 |
| K7730 | 3518 | 1872 | | | Marshalls | |
| L2314 | 3524 | 864 | | | Ross | |
| K4662 | 3531 | 654 | | | Ginger G. | |
| K5439-1 | 3537 | 600 | | | Gaudy Me/Buff.G.G. | |

**COMPLAINT EXH. B**                                   **Page 3 of 4**

| K7086-PRS-EL97 | 3562 | 1818 | | Ross | 04/15/18 |
|---|---|---|---|---|---|
| K5439-1 | 3595 | 4848 | | Marshalls | |
| K5489-1 | 3596 | 2598 | | TJ Maxx | 04/15/18 |
| K5489-1 | 3596 | 4416 | | TJ Maxx | |
| K4488 | 20393 | 502 | | Eclipse | 02/22/18 |

**COMPLAINT EXH. B**                                                                 **Page 4 of 4**

# **EXHIBIT** C
## <u>Hot Goods from JE Apparel</u>

| Style | Cut | Quantity | Retailer |
|-------|-----|----------|----------|
| L2314 | 3256 | 864 | Ross |
| K7377(TJM) | 2878 | 3672 | TJ Maxx |
| K7377 | 2881 | 4896 | Marshalls |
| K8989 | 2882 | 2448 | Marshalls |
| K8989 | 2883 | 2448 | TJ Maxx |
| K7530-3(k) | 2944 | 2598 | TJ Maxx |
| K5307TD | 2970 | 3684 | TJ Maxx |
| K4112TD | 2978 | 4896 | Marshalls |
| K8989 | 2983 | 3672 | Marshalls |
| K7377 | 2984 | 4896 | TJ Maxx |
| K4865 | 2991 | 2424 | Marshalls |
| K4865 | 3200 | 2155 | |
| K7377 | 3261 | 3648 | |
| K4865 | 3290 | 4302 | Marshalls |
| K5375-1 | 3372 | 976 | |
| R2611 | 13297 | 1197 | |
| R4187 | 13298 | 1063 | |
| F4404 | 13406 | 2948 | |
| R4286TD | 13415 | 2610 | |
| K4613(MAR) | 20264 | 3036 | |
| K4488 | 20393 | 502 | |
| K1412TD | 2026-1 | 1836 | |
| K5127 | 2958-1 | 3060 | TJ Maxx |
| K4503 | 2975-1 | 3144 | TJ Maxx |
| K4613(MAR) | 3006-1 | 3060 | Marshals |
| K7240(TJM) | 3011-1 | 3060 | TJ Maxx |
| 8101JS40 | 3241-1 | 3060 | TJ Maxx |
| 8101JS40 | 3244-2 | 3060 | TJ Maxx |

**COMPLAINT EXH. C**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**COMPLAINT EXH. C**                                                                 **Page 2 of 2**