JANET HEROLD
Regional Solicitor
SUSAN SELETSKY
Counsel for Wage and Hour (CSBN 176106)
Office of the Solicitor
CYNTHIA LIAO
Trial Attorney (CSBN 301818)
United States Department of Labor
350 S. Figueroa Street, Suite 370
Los Angeles, California 90071
Telephone: (213) 894-4983
Facsimile: (213) 894-2064
Email: Seletsky.susan@dol.gov

Attorneys for Plaintiff Secretary of Labor

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| R. ALEXANDER ACOSTA, SECRETARY OF LABOR, UNITED STATES DEPARTMENT OF LABOR,<br><br>Plaintiff,<br><br>GINGER GREEN, INC., a corporation; AQUA FASHION, INC., a corporation; CHANG LEE, an individual, HYE KYUNG LEE, an individual; HAE LEE, an individual; GILSU PARK, an individual; JE FASHION, INC., a corporation; KYU YOUNG YOO, an individual,<br><br>Defendants. | Case No.: 2:18-cv-4098-ODW-SK<br><br>**[PROPOSED] PRELIMINARY INJUNCTION** |

      This matter came before the Court on the application of the United States Secretary of Labor for a temporary restraining order under Federal Rule of Civil Procedure 65 and Section 17 of the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. § 217, and an order for Defendants Ginger Green, Inc. ("Ginger G"), Aqua

Fashion, Inc. ("Aqua"), JE Fashion, Inc. ("JE"), Chang Lee, Hye Kyung Lee, Hae Lee, Gilsu Park, and Kyu Young Yoo to show cause why a preliminary injunction should not issue enjoining them from violating the hot goods and investigative provisions of the FLSA, 29 U.S.C. §§ 215(a)(1), 211(a).

On May 18, 2018, the Court issued a Temporary Restraining Order (ECF No. 10) and an Order to Show Cause Why a Preliminary Injunction Should Not Issue (ECF No. 11). On May 30, 2018, the Court held oral argument.

Defendants failed to show cause why a preliminary injunction should not issue. Thus, the Court **GRANTS** the preliminary injunction as follows:

1. Defendants Aqua and JE are enjoined and restrained from shipment of all goods for two weeks to allow the Secretary to determine that goods were produced in compliance with the FLSA.

2. Defendants are enjoined and restrained from shipment of all Ginger G goods until Ginger G provides sufficient records to allow the Secretary to determine, and the Secretary does determine, that goods were produced in compliance with the FLSA, including all documents responsive to the April 20, 2018 Subpoena, open purchase orders including those for HJ Fashion, Inc., production sheets, records showing all payments made in the last three months, and records showing garments produced outside the United States. The Secretary shall make his determination within two weeks of receiving Ginger G's records.

3. Defendant Chang Lee shall be available for deposition within two weeks of the time that Ginger G has produced all records to the Secretary.

4. Defendants are enjoined and restrained from violating the provisions of Section 15(a)(1) of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 215(a)(1), in any of the following manners: Defendants shall not transport, ship, deliver, or sell in commerce, or offer to do so, any goods produced by any employees who were not paid the required minimum wage or overtime in violation of Sections 6 and 7 of the FLSA, 29 U.S.C. §§ 206, 207. Specifically:

a. Defendants Ginger G, Chang Lee, Hae Lee, and Hye Kyung Lee are enjoined and restrained from using domestic sewing contractors to produce Ginger G goods until they confirm that the contractor pays employees for all hours worked, regular and overtime, at the rates prescribed by law.
    b. Defendants Ginger G, Chang Lee, Hae Lee, and Hye Kyung Lee shall require all contractors with whom they do business to maintain accurate time records, production records, piece rate records and payroll records on the contractor's premises and submit those records on a weekly basis.
    c. Defendants Ginger G, Chang Lee, Hae Lee, and Hye Kyung Lee shall hire an independent monitor, such as Worker Rights Consortium, to monitor all domestic contractors at least quarterly to determine its contractors' compliance with the FLSA. Ginger G shall provide monitoring reports to all Ginger G retailers, including TJX, Companies, Inc., and to the Department of Labor upon request.

5. Defendants are enjoined and restrained from interfering with or obstructing the Secretary's investigation under Section 11(a) of the FLSA, 29 U.S.C § 211(a).

IT IS SO ORDERED.

Dated this __4th__ day of _____June_____, 2018.

UNITED STATES DISTRICT JUDGE

# CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the **PROPOSED PRELIMINARY INJUCTION** with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the Electronic Service List for this Case.

I further certify I served the **PROPOSED PRELIMINARY INJUCTION** in a sealed envelope, via UPS, and addressed to the people hereinafter named, at the places and addresses stated below:

Kyu Young Yoo
71 Spectrum Blvd.
Las Vegas, Nevada 89101

Gilsu Park
6600 S. Avalon Blvd., Unit B-2,
Los Angeles, California 90003.

Dated: June 1, 2018      By:    */s/ Susan Seletsky*
                                                  SUSAN SELETSKY