# United States District Court
# Central District of California

R. ALEXANDER ACOSTA, SECRETARY OF LABOR, UNITED STATES DEPARTMENT OF LABOR,

Plaintiff,

v.

GINGER GREEN, INC., AQUA FASHION, INC., CHANG LEE, HYE KYUNG LEE, HAE LEE, GILSU PARK, JE APPAREL, INC., KYU YOUNG YOO,

Defendants.

Case No. 2:18-cv-04098-ODW(SKx)

**ORDER GRANTING MOTIONS FOR DEFAULT JUDGMENT [67][68] AND JUDGMENT AS TO DEFENDANTS AQUA FASHION, INC., GILSU PARK, JE APPAREL, INC., AND KYU YOUNG YOO**

A. The Secretary has filed a Complaint alleging that defendants Aqua Fashion, Inc. ("Aqua"), Gilsu Park ("Park"), JE Apparel, Inc. ("JE"), and Kyu Young Yoo ("Yoo") (collectively, "Defendants") violated provisions of Sections 15(a)(1), 15(a)(2) and 15(a)(5), 29 U.S.C. §§ 215(a)(1), 215 (a)(2) and 215(a)(5), of the Fair Labor Standards Act of 1938, as amended ("FLSA").

B. Defendant Aqua was served with a copy of the Secretary's Complaint on June 26, 2018.

C. Defendant Park was served with a copy of the Secretary's Complaint on August 23, 2018.

D. Defendants JE and Yoo were served with a copy of the Secretary's Complaint on June 6, 2018.

E. Defendants failed to answer the Secretary's Complaint or otherwise appear.

F. Default was entered by the Clerk against Defendants JE and Yoo on August 13, 2018.

G. Default was entered by the Clerk against Aqua and Park on October 9, 2018.

Having reviewed the Secretary's Motions for Default Judgment as to Defendants Aqua, Park, JE, and Yoo, and finding all requirements for default judgment and injunctive relief have been met, the Court **GRANTS** the Secretary's Motions. (ECF Nos. 67, 68.)

It is therefore **ORDERED, ADJUDGED, AND DECREED** that Defendants Aqua, Park, JE, and Yoo, their officers, agents, servants, and employees and those persons in active concert or participation with them who receive actual notice of this order (by personal service or otherwise) be, and they hereby are, permanently enjoined and restrained from violating the provisions of Sections 15(a)(1), 15(a)(2), and 15(a)(5) of the FLSA, 29 U.S.C. §§ 215(a)(1), 215(a)(2), and 215(a)(5), in any of the following manners:

1. Defendants shall not, contrary to FLSA § 6, 29 U.S.C. § 206, employ any employee who in any workweek is engaged in commerce or the production of goods for commerce, or employed in an enterprise engaged in commerce, within the meaning of the FLSA, at wage rates less than $7.25 an hour (or less than the applicable minimum rate as may hereafter be established by amendment to the FLSA).

2. Defendants shall not, contrary to FLSA § 7, 29 U.S.C. § 207, employ any employee who in any workweek is engaged in commerce or the production of goods for commerce, or employed in an enterprise engaged in commerce, within the meaning of the FLSA, for a workweek longer than 40 hours unless the employee is

paid at a rate of time and one half the employee's regular rate for all hours worked in excess of 40 hours in a workweek.

3. Defendants shall not fail to make, keep, make available to authorized agents of the Secretary for inspection, transcription, and/or copying, upon their demand for such access, and preserve records of employees and of the wages, hours, and other conditions and practices of employment maintained, as prescribed by regulations issued, and from time to time amended, pursuant to FLSA §§ 11(c) and 15(a)(5), 29 U.S.C. §§ 211(c) and 215(a)(5) and the implementing regulations found in Title 29, Code of Federal Regulations, Part 516.

4. Defendants shall not, contrary to FLSA § 15(a)(1), 29 U.S.C. § 215(a)(1), transport, offer for transportation, ship, deliver, or sell in commerce (or ship, deliver, or sell with knowledge or reason to believe that shipment, delivery, or sale in commerce is intended) goods in the production of which any employee has been employed in violation of FLSA §§ 6 and/or 7, 29 U.S.C. §§ 206 and/or 207.

The Court **VACATES** all dates and deadlines. The Clerk of the Court shall close the case.

**IT IS SO ORDERED.**

November 6, 2019

_____
**OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**